## JONES v MARQUETTE

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 29, 1935

Morris Mendelssohn, Youngstown, for plaintiff in error.

H. L. Kerr, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

These matters are indicated by the manifest weight of the testimony, although there is some contradiction thereof on the part of the plaintiff. So far as the evidence relating to this transaction is concerned, under authority of **Hampden Lodge v Gas Company, 127 Oh St, 469,** the difference in the testimony does not involve a dispute or contention upon which reasonable minds could differ, or come to but one conclusion favorable to the defendant.

Counsel for the plaintiff relies largely upon the case of the **J. M. Rose Co. v Lowry, 33 Oh Ap, 488.** In the syllabus of this case it is said:

"2. Provision in chattel mortgage for possession of property upon defaulted payments does not justify mortgagee in breaking and entering dwelling house of mortgagor in order to repossess property.

3. Entry of dwelling house effected by unlatching of door that is only latched, or by opening lock of door with key, without consent of owner, is an unlawful breaking and entering.

8. If C's conduct in breaking and entering B's dwelling house and removing furniture in her absence, under chattel mortgage, was wilful, intentional and wanton, B was entitled to compensatory damages for humiliation, injury to feelings and mental suffering which she sustained, resulting naturally and necessarily from wrongful act."

This case showed greater aggravation so far as the manner of taking the furniture was concerned than the instant case, which case was decided by the Fifth Appellate District of this state. The same court, with a change in the personnel thereof, decided the case of **Bear v Colonial Finance Co., reported in 42 Oh Ap, 482 (12 ABS 643).** It is said in the syllabus:

"7. Mortgagee, after default, has right to repossess property, as he is then legal owner thereof.

8. Mortgagee's right to repossess prop-

erty after default is subject only to restriction that he did not breach peace in taking it."

A recent decision upon this contraverted proposition is the case of **Wurlitzer Co. v Clark, 16 ABS 283,** decided December 7, 1933. The chattel mortgage under consideration in this case contained the following provision:

"Said mortgagee may by process of law or otherwise take possession of said property and sell the same at public or private sale for the highest price he can obtain therefor and apply the proceeds, and so forth."

It may be borne in mind that in the case under consideration the two chattel mortgages expressly authorized the mortgagee to enter the dwelling house of the defendant, which does not seem to be the case in the other cases herein cited, and which by the terms of the provision would give the mortgagee in the instant case greater authority than in the other cases considered. This case considers **Edmundson v Pollock, 5 C.C., 185,** and quotes with approval the first syllabus thereof as follows:

"Where a mortgage of chattel property contains a provision that the mortgagee upon default made, may take possession of the property and sell the same at public or private sale, but that until default the mortgagor shall retain possession, such provision creates an implied contract that the mortgagee may, upon such default, enter the place where the property is kept by the mortgagor and take the same."

Edmundson v Pollock, supra, is a decision by the Circuit Court of this, the Seventh Appellate District of Ohio. This case makes quotations and citations of numerous authorities, and the opinion closes as follows:

"It is not the law of Ohio that the defendants were required to procure the consent of the plaintiff, Clark, before they could repossess the property. That consent was given in the mortgage and on the question of consent nothing more was needed. Where the parties are entitled to repossess the property, as we find the defendant was in this case, they must demean themselves properly in so doing. We are unable to find anything in the record that shows improper conduct, as the law recognizes it."

It seems to be the settled law of Ohio in this connection that a mortgagee after breach of condition, is, the legal owner of the mortgaged property; that he is entitled to enter upon the premises of the mortgagor, take possession of and remove the mortgaged property and may dispose of it as provided in the mortgage, where he can do so without unlawful force or commit a breach of the peace. As hereinbefore stated, at the time the furniture was taken there was no one present except the two employes who entered the house after the door had been unlocked by the landlord and moved away the furniture. There was no breach of the peace in so doing. There was no one present on the part of the defendant. It is apprehended that the defendant under the circumstances, and by the decided weight of the testimony, had a right to take the property, had his intention been to devote the property to the liquidation of the debt. However, as indicated by the evidence, the defendant acted only when he had reason to believe that the furniture would be placed in the street and that he took possession of it for the preservation of his rights and those of the plaintiff, and that he has held the property subject to the desire of the plaintiff, if so exhibited, to retake it. We think, under the evidence in this case, the Court of Common Pleas was justified in directing a verdict for the defendant. This court is not authorized to reverse unless it can find, and so enter upon the journal, that substantial justice has not been done to the complaining party, and this court is unable to so find.

Judgment affirmed.

CARTER and NICHOLS, JJ, concur.